IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BRIAN M CASEY,

    Plaintiff,

v.                                                       CASE NO.5:14-cv-190-WS-GRJ

MICHAEL D CREWS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Brian M. Casey, DOC # 139647, a prisoner presently confined at Northwest Florida Reception Center (NFRC), initiated this case by filing a *pro se* Complaint pursuant to 42 U.S.C § 1983 and seeks leave to proceed as a pauper. Docs. 1, 2. The Complaint is 86 pages in length and therefore does not comply with Local Rule 5.1(J), which states that a *pro se* civil rights complaint filed under § 1983 must be no longer than 25 pages total, including attachments, unless prior leave of court has been granted and good cause shown. Further, as Plaintiff concedes, he is not entitled to bring this case *in forma pauperis* because he is subject to the three-strikes bar of 28 U.S.C. § 1915(g), having had three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Because Plaintiff is subject to the three-strikes bar, he is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir.

2004).   General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).  *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).  The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient.  *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998).  A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception.  *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

The Complaint sets forth a litany of events commencing with Plaintiff's initial receipt into DOC custody in 2012 when he began serving a life sentence.  Plaintiff alleges that immediately upon entering DOC custody he was subjected to a pattern of intimidation, harassment, threats of harm, and actual harm by guards and other inmates due to the "controversial nature" of his underlying conviction and statements Plaintiff made to law enforcement concerning "illegal police conduct" and other individuals who were involved in a murder.  Plaintiff alleges that his statements were disseminated to the inmate population.  Plaintiff was initially classified to Desoto Annex, but due to the

alleged threats and harm he subsequently was transferred to Century CI, NFRC, Blackwater CF, Taylor CI, Wakulla CI, and back to NFRC. Doc. 1 at 11-17.

To the extent Plaintiff seeks relief stemming from past events at his previous institutions, his allegations of past harms are plainly insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry,* 185 F.3d at 1193.

Plaintiff's allegations regarding his present confinement at NFRC reflect that he is assigned to a protective management unit. Plaintiff contends that officers have engaged in a "complex psychological game of harassment and threats" that also involves other inmates. Plaintiff alleges that he has faced daily "veiled threats." He alleges that officers have used chemical agents on other inmates without probable cause. Plaintiff asserts that in July 2014 an officer who was escorting him in handcuffs to the shower pushed his hands into a rail, causing abrasions and bruising. He contends that officers filed false body weight forms and that he lost significant weight in confinement until a special medical diet was ordered by a prison doctor. He contends that officials "incorporate the medical staff into the complex psychological attacks," and that nurses have "indirectly threaten[ed] beatings [and] death." He contends that he has not been escorted to call-outs for dental care, but he does not assert any specific facts in support of this claim nor has he alleged any specific harm stemming from the alleged denial of dental care. Plaintiff alleges that inmate kitchen workers have threatened to spit and contaminate his food. He contends that he has been threatened with retaliation for filing grievances. Doc. 1 at 11-21.

Liberally construed, the foregoing allegations do not show that Plaintiff is in imminent danger of serious physical injury with respect to his present conditions of confinement.  Verbal threats are not actionable and general allegations of threats of harm are insufficient to show that Plaintiff is in imminent danger.  Plaintiff's alleged weight loss arguably suggests physical harm, but he states that prison officials addressed the weight loss with a medically-prescribed diet.  In the same vein, denial of dental care under some circumstances might amount to an imminent danger of serious physical injury, but Plaintiff has alleged no facts showing that he faces such imminent danger.

Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper.  A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that leave to proceed as a pauper (Doc. 2) should be **DENIED** and that this case should be **DISMISSED WITHOUT PREJUDICE** pursuant to the 28 U.S.C § 1915(g) three-strikes bar.

**IN CHAMBERS** this 19th day of August 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**